IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:00-cr-336** |
| | : | |
| **v.** | : | |
| | : | |
| **MAURICE PEPPERS** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Defendant Maurice Peppers' Motion to Correct Sentence under 28 U.S.C § 2255. (Doc. 119.) Peppers' motion is brought pursuant to *Johnson v. United States* and argues that his sentence is invalid. *See Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. *Id.* at 2557.

Peppers was sentenced under the ACCA which subjected him to a mandatory minimum term of incarceration of 15 years to a maximum of life because he had at least three prior convictions for serious drug offenses or violent felonies. *See* 18 U.S.C. § 924(e). Peppers was sentenced to 342 months. This sentence was affirmed by the Court of Appeals for the Third Circuit. (Doc. 96.)

Peppers alleges that his prior convictions do not qualify as violent felonies and, therefore, his sentence violates due process of law. (Doc. 119.) The United

States argues that the crime falls under the force clause of the ACCA (18 U.S.C. § 924(e)(1)(i)). (Doc. 146.)

## I. Discussion

The Presentence Report (PSR) identified four prior Pennsylvania convictions which qualified Peppers for the ACCA designation: (1) paragraph 71 – aggravated assault; (2) paragraph 78 – drug offense; (3) paragraph 79 – robbery; and (4) paragraph 80 – aggravated assault. Since the parties agree that the drug offense (paragraph 78) qualifies as a predicate offense, it will not be addressed in this memorandum.

### A. Aggravated Assault – Paragraph 71 of the PSR

Peppers was found guilty of Pa. C.S. § 2792(a)(4) – aggravated assault with a deadly weapon. (Doc. 146-2.) The Third Circuit in *United States v. Gorney* held that this offense qualifies as a violent felony under the force clause. ---F. App'x---, 2016 WL 3689063, *4 (3d Cir. July 12, 2016) (*rehearing denied*, No. 15-2219 (Oct. 28, 2016)). Thus, Peppers' aggravated assault conviction fits under the force clause.

### B. Robbery – Paragraph 79 of the PSR

Peppers pled guilty to 18 Pa. C.S. §§ 3701(a)(1)(i) and (ii). He argues that this statute does not qualify as a violent felony under the force clause because the charging document alleges that Peppers "intentionally, knowingly or recklessly" committed the offense. (Doc. 153, p. 5.)

The state records reflect that Peppers pled guilty to 18 Pa. C.S. §§ 3701(a)(1)(i) and (ii). (Doc. 146-1.) Sections 3701(a)(1)(i) and (ii) do not contain the clause "intentionally, knowingly, or recklessly." These words were superfluous language used by the prosecutor. The actual language of sections 3701(a)(1)(i) and (ii) to which Peppers pled provides:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
> (i) inflicts serious bodily injury upon another; [or]
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]

The language of this Pennsylvania robbery statute meets the force clause, which provides: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *United States v. Dobbin*, the court held that a conviction violating 18 Pa. C.S. § 3701(a)(1)(ii) "satisf[ies] the first prong of [this] definition." 629 F. App'x 448, 452 (3d Cir. 2015).

Peppers did not plead to any other provision of the statute. Thus, Peppers' robbery conviction meets the force clause and qualifies as a predicate offense.

C. **Aggravated Assault – Paragraph 80 of the PSR**

Peppers was charged and pled guilty to a violation of 18 Pa. C.S. § 2702(a)(1), which provided that he "intentionally, knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life,

attempt[ed] to cause or [did] cause serious bodily injury to another." (Doc. 146-3.) The sentencing form indicates that a deadly weapon was used. (*See* Exhibit A attached hereto.) He was sentenced to 24 to 120 months. (*Id.*)

Peppers argues that § 2702(a)(1) cannot qualify as a violent felony because it penalizes reckless conduct. (Doc. 119, p. 10.) The reckless clause, however, is defined as "under circumstances manifesting extreme indifference to the value of human life." 18 Pa. C.S. § 2702(a)(1). In *Briolo v. Attorney General of United States*, the court addressed the New Jersey aggravated assault statute (N.J.S.A. § 2C:12-1(b)), which contained a clause defining recklessly as "causing significant bodily injury 'under circumstances manifesting extreme indifference to the value of human life.'" 575 F. App'x 126, 129 (3d Cir. 2013). The court held that a conviction for aggravated assault under that statute was "a crime of violence." *Id.*

Thus, Peppers aggravated assault conviction fits under the force clause and qualifies as a predicate offense.

## II. Conclusion

Peppers' record supports his classification under the ACCA. His writ of habeas corpus will be will be denied. An appropriate order will issue.

s/Sylvia Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: December 6, 2016