IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:00-CR-336** |
| **v.** | : | |
| **MAURICE PEPPERS** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is the motion for compassionate release filed by Defendant Maurice Peppers ("Defendant" or "Mr. Peppers"). (Doc. 187). For the reasons outlined below, the court will deny the motion.

### I.  BACKGROUND

On December 13, 2000, a grand jury indicted Mr. Peppers and his co-defendant Anthony Mayo for four crimes: (1) being felons in possession of firearms; (2) criminal conspiracy to engage in various acts with their illegally possessed firearms; (3) possession of firearms in the course of drug trafficking; and (4) a second count of possession of firearms in the course of drug trafficking. (*See* Doc. 1.) On March 21, 2001, the United States filed an executed plea agreement where Mr. Peppers pled guilty to Count 1. (*See generally* Doc. 43.) The government, *inter alia*, dismissed all other counts arising out of the same set of facts giving rise to Count 1. (*See id.*)

On October 4, 2001, the court sentenced Mr. Peppers to 342 months in prison. (*See* Doc. 73.) This sentence constituted an upward departure from the sentencing

guidelines for two reasons. First, the court found that Mr. Peppers "has a history of violent offenses and has been undeterred by previous terms of incarceration, has consistently demonstrated that he is unable to abide by the law, and there is a strong likelihood of recidivism." (Doc. 78, 21:14-17.) Second, the court found that the weapon Mr. Peppers possessed—which he also used during robberies—was dangerous, "significantly increas[ing] the likelihood of death or injury" to his victims. (*Id.*, 22: 4-5.)

On April 29, 2020, Mr. Peppers filed a motion for compassionate release. (Doc. 187.) The court promptly ordered the Federal Public Defender's Office ("FPD") for this district to brief the matter. (Doc. 188.) It submitted a brief in support of Mr. Peppers's motion (Doc. 189), the government responded (Doc. 193), and the FPD replied (Doc. 194). This matter is thus ripe for review.

## II.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2 Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (1) suffering from a serious physical or medical condition,
> (2) suffering from a serious functional or cognitive impairment, or
> (3) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the

need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. DISCUSSION

As the government agrees, Mr. Peppers's situation constitutes an extraordinary and compelling circumstance, and he has exhausted his administrative relief. The court thus takes his concerns seriously. An unhealthy person in prison today faces substantial risks. Nonetheless, the court finds that Mr. Peppers's significant history of violent crimes renders it necessary for him to serve his full sentence.

In considering whether to grant compassionate release, the court must balance the interests of the prisoner against the interests of society by weighing the § 3553(a) factors. In doing so here, the court finds it necessary to keep Mr. Peppers in prison "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). When this court originally sentenced Mr. Peppers, it thoroughly considered his criminal history. It found that he repeatedly engaged in violent offenses, he did not appear to change his behavior after serving other sentences, and he failed to accept responsibility for his final crime. Mr. Peppers argues that he has

changed. Instead of exhibiting that, however, Mr. Peppers has been disciplined while in prison for possessing a dangerous weapon and for fighting with a chair as a weapon. The court thus continues to believe Mr. Peppers needs to stay imprisoned to protect the public from him committing further violent crimes. This is a sufficient basis for denying Mr. Peppers's motion, even under some of the authority cited by him. *See, e.g., United States v. Rodriguez*, --- F. Supp. 3d ----, 2020 WL 1627331, at *11 (E.D. Pa. Apr. 1, 2020) ("The Commission's policy statement, which provides helpful guidance, provides for granting a sentence reduction *only* if 'the defendant is not a danger to the safety of any other person or to the community.'") (emphasis added, brackets omitted) (quoting U.S.S.G. § 1B1.13(2)).

### IV. CONCLUSION

For the reasons outlined above, the court will deny Mr. Peppers's motion for compassionate release. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 6, 2020